UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12346 MLW

MARLOW WILLIAMS, SR.,
    <u>Plaintiff</u>.

v.

GRANT CALLENDAR, OTIS HAREWOOD, GREG LONG, BRIAN ALBERT, EDWARD MEADE, JOHN CONROY, AND THE CITY OF BOSTON,
    <u>Defendants</u>.

**<u>DEFENDANTS GRANT CALLENDAR, OTIS HAREWOOD, GREG LONG, BRIAN ALBERT, EDWARD MEADE, JOHN CONROY, AND THE CITY OF BOSTON'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(6).</u>**

**I.**    **<u>INTRODUCTION</u>**

Pro se plaintiff, Marlow Williams, ("the plaintiff") brings a nineteen-count complaint against Boston Police Officers Grant Callender, Otis Harewood, Greg Long, Brian Albert, Edward Meade, John Conroy ("the officers") and the City of Boston ("the City") (collectively "the defendants") alleging that the officers "used more force that [sic] was reasonably necessary to arrest plaintiff" on February 4, 2003.  The plaintiff alleges counts of assault and battery, violation of M.G.L. c. 12 sec. 11I, and excessive force, against each officer and a negligence count against the City.  See Complaint, Counts 1-18.  However, on September 19, 2003, the plaintiff was convicted of resisting

1

arrest for his actions during his arrest.[1] See Exhibit A, Commonwealth v. Williams, Docket No. 0307CR0742, dated September 19, 2003, attached hereto. Furthermore, the plaintiff does not allege that his conviction for resisting arrest was overturned or that he received a "favorable termination" regarding the conviction. See Exhibit B[2] and the plaintiff's complaint.[3] Therefore, based on the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 487 (1994), the defendants move to dismiss the plaintiff's claims.

II. **ARGUMENT**

    A. **Application Of The Standard Of Review Requires The Allowance Of Defendants' Motion To Dismiss.**

The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of

---

[1] In addition to his resisting arrest charge, the plaintiff was also charged with assault and battery on a police officer, another count of resisting arrest, and several drug charges, including violations of G.L. c. 94C, § 92C, and §32J, as well as violations of G.L. c. 90D and G.L. c. 90, § 10.

[2] The defendants respectfully request that this Court take judicial notice of Exhibits A and B as they both contain matters of official public record, namely a jury verdict slip from the plaintiff's criminal proceeding and the docket from the Massachusetts Appeals Court.  Such materials do not convert this motion to dismiss into a motion for summary judgment.  See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (stating that court may, in deciding motion under Fed. R. Civ. P. 12(b)(6), consider official public records); Kyricopoulos v. Rollins, 1994 U.S. Dist. LEXIS 18605 (D. Mass. 1994) (omitting citations) ("On a motion to dismiss the Court is free to take judicial notice of certain facts that are of public record if they are provided to the Court by the party seeking to have them considered . . . . . public court documents filed in earlier state court proceedings are public records and may properly be considered in deciding a motion to dismiss").

[3] According to the Massachusetts Appeals Court docket, the plaintiff has appealed his conviction for resisting arrest and his conviction for possession of a Class D substance.  No decision on the plaintiff's appeal has of yet been rendered.  Moreover, appellate briefs have yet to be filed. Exhibit B, Criminal Appeals Docket, attached hereto.

his claim which would entitle him to relief. <u>McLain v. Real Estate Board of New Orleans, Inc.</u>, 444 U.S. 232, 246 (1980); <u>Figueroa v. Rivera</u>, 147 F.3d 77, 80 (1st Cir. 1998). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. <u>Cooperman v. Individual, Inc.</u>, 171 F.3d 43, 46 (1st Cir. 1999). This standard of review, however, "does not mean that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." <u>U.S. v. Avx Corp.</u>, 962 F.2d 108, 115 (1st Cir. 1992).

    B.    **<u>The Plaintiff's Excessive Force Claims Should Be Dismissed Because He Was Convicted Of Resisting Arrest And Has Not Received a Favorable Termination Regarding His Conviction.</u>**

By making a section 1983 claim regarding his February 4, 2003 arrest, the plaintiff seeks a finding inconsistent with his resisting arrest conviction, as a successful civil prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful. The U.S. Supreme Court has held "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has

3

already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994).

>    1. The plaintiff's claim of excessive force fails because he was convicted of resisting arrest for the same incident.

The plaintiff's claims under § 1983 are not cognizable because the plaintiff's excessive force allegations against the officers involve the very actions for which the plaintiff was convicted of resisting arrest. By convicting the plaintiff, the jury necessarily found him guilty of intentionally preventing a police officer from making a lawful arrest as the statute contemplates an officer's use of excessive force. See M.G.L. ch. 268, § 32B(a).[4] For a person to be convicted of resisting arrest the officer cannot use unreasonable or excessive force giving rise to the right of self-defense. See M.G.L ch. 268,

---

[4] Mass. Gen. Laws ch. 268, § 32B(a), the Massachusetts' statute regarding resisting arrest, states:

> A person commits the crime of resisting arrest if he knowingly prevents or attempts to prevent a police officer, under color of his official authority, from effecting an arrest of the actor or another, by: (1) using or threatening to use physical force or violence against the police officer or another; or (2) using any other means which creates a substantial risk of causing bodily injury to such police officer or another.

Mass. Gen. Laws ch. 268, § 32B(a). The statute continues:

> It shall not be a defense to a prosecution under this section that the police officer was attempting to make an arrest which was unlawful, if he was acting under color of his official authority, and in attempting to make the arrest he was not resorting to unreasonable or excessive force giving rise to the right of self-defense.

Id. at § 32(B)(b)(emphasis added).

4

§ 32B(a). The jury necessarily found that the officers' conduct did not constitute excessive force. See M.G. L. ch. 268, § 32B(a); Heck, supra at 487; see also Exhibit A.

If through his civil suit the plaintiff is now allowed to question the force used by the officers in effecting his arrest, he will undermine the decision of the criminal jury. Such an action is prohibited from proceeding. See, e.g., Cunningham v. Gates, 312 F.3d 1148, 1155 (9th Cir. 2002) (where facts used to support claim of excessive force interrelate with those used by criminal jury to support plaintiff's convictions of assault and battery and resisting arrest, plaintiff's § 1983 excessive force claim is not cognizable).

> 2. The plaintiff has not received, nor even alleged, a "favorable termination" regarding his criminal conviction of resisting arrest.

In its Heck decision, the Supreme Court explained that in order to succeed in his claim, "a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]," or he has otherwise received a "favorable termination" of the criminal action against him. 512 U.S. at 484, 486-487. The Court reasoned that a favorable termination requirement "avoids parallel litigation over the issues of probable cause and guilt." Id. at 484. That is, it avoids "the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution," a result that

5

contravenes "a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transactions." Id.  Additionally, it prevents "collateral attack on the conviction through the vehicle of a civil suit," which is not an appropriate mechanism to challenge the validity of an "outstanding criminal judgment." Id. at 484-86.

Here, these principles require dismissal of the plaintiff's complaint because he has not alleged (nor can he establish) that his conviction has been overturned or that he has otherwise received a favorable termination of his resisting arrest conviction.  This conclusion is not altered because the plaintiff was not convicted of all charges against him. See Sholley v. Town of Holliston, 49 F. Supp. 2d 14, 16, 18-20 (D. Mass. 1999), adopted by Sholley v. Town of Holliston, 1999 U.S. Dist. LEXIS 7136 (D. Mass. 1999).

    **C.**    **The Plaintiff's Claims of Assault and Battery Claims Should Be Dismissed Because He Was Convicted Of Resisting Arrest And Has Not Received a Favorable Termination Regarding His Conviction.**

The same governing principles that require the dismissal of the plaintiff's excessive force claims under § 1983 also require the dismissal of the plaintiff's claims of assault and battery claims against the officers.  Additionally, the doctrines of collateral estoppel and res judicata also bar the plaintiff's claims.

> 1. <u>Dismissal of the plaintiff's claims of assault and battery is mandated not only because the principles enunciated in the *Heck* decision apply with equal force to these intentional tort claims, but also because the doctrines of collateral estoppel and res judicata preclude the plaintiff from collaterally attacking his criminal conviction through a civil suit.</u>

The plaintiff's claims of assault and battery against the officers fails for the same reasons his federal and state civil rights claims fail. As alleged, the plaintiff's assault and battery claims against the officers necessarily relate to the facts supporting his criminal conviction of resisting arrest. It is not dispositive that these claims do not fall under Section 1983 as this Court has previously held the <u>Heck</u> principles applicable to intentional tort claims. See <u>Chilingirian v. United States</u>, 2004 U.S. Dist. LEXIS 792 at *5 (D. Mass. 2004).

> 2. <u>Dismissal of the plaintiff's claims of assault and battery is mandated also because the doctrines of collateral estoppel and res judicata preclude the plaintiff from collaterally attacking his criminal conviction through a civil suit.</u>

The plaintiff's claims are also barred by the doctrines of collateral estoppel and res judicata. Collateral estoppel, also known as "issue preclusion," and the related doctrine of res judicata, "claim preclusion," "relieve parties of the cost and

7

vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication." Allen v. McCurry, 449 U.S. 90, 101 (1980), on remand, 647 F.2d 167 (8th Cir.1981), appeal after remand, 688 F.2d 581 (8th Cir.1982). The plaintiff may not collaterally attack his criminal conviction for resisting arrest by bringing intentional tort claims of assault and battery against the defendants in a related civil action. "Federal courts must give the same amount of preclusive effect to a state court judgment as would state courts sitting in the jurisdiction in which the judgment was rendered." Davis v. Schifone, 185 F. Supp. 2d 95, 101 (D. Mass. 2002). In Massachusetts, the courts have held that a criminal conviction bars that individual from relitigating issues from his criminal trial in a civil action. Id. (discussing Aetna Casualty & Surety Co. v. Niziolek, 395 Mass. 737 (Mass. 1985)). Accordingly, "a party to a civil action against a former criminal defendant may invoke the doctrine of collateral estoppel to preclude the criminal defendant from relitigating an issue decided in the criminal prosecution." Id., quoting Aetna Casualty & Surety Co. v. Niziolek, 395 Mass. 737 (Mass. 1985).

Additionally, "[u]nder the federal law of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or

8

could have been raised in that action..." Apparel Art Intern v. Amertex Enterprises, 48 F.3d 576, 582 (1st Cir. 1995); see also Gonzalez v. Banco Cert. Corp., 27 F.3d 751, 755 (1st Cir. 1994). Res judicata also applies to non-parties when the circumstances warrant it. Gonzalez, 27 F.3d at 757. "This doctrine serves the ends of finality and efficiency. Id. The elements of res judicata are a final judgment on the merits in an earlier suit, sufficient identicality between the causes of action and sufficient identicality between the parties in the two suits. Gonzalez, 27 F.3d at 755. Thus, where the plaintiff is asserting claims of assault and battery by the defendant officers during his arrest, he is attempting to relitigate his criminal conviction for resisting arrest. The plaintiff should not be permitted to reopen his criminal conviction through these civil claims. Accordingly, the plaintiff's assault and battery claims should be barred.

>   **D.  Dismissal Of The Plaintiff's MCRA Claims Is Mandated Because The Doctrines Of Collateral Estoppel And Res Judicata Preclude The Plaintiff From Collaterally Attacking His Criminal Conviction Through A Civil Suit.**

The plaintiff's MCRA claims are barred because the doctrines of res judicata and collateral estoppel, as discussed supra, do not allow the plaintiff to relitigate the issues conclusively determined in his criminal trial through the medium of a civil suit. See Davis v. Schifone, 185 F. Supp. 2d 95, 101

(D. Mass. 2002); Aetna Casualty & Surety Co. v. Niziolek, 395 Mass. 737 (Mass. 1985). The plaintiff's allegations under the MCRA based on the plaintiff's arrest necessarily implicate issues determined in the plaintiff's criminal trial and conviction for resisting arrest. He cannot now collaterally attack those criminal proceedings and conviction through his civil MCRA claims. Accordingly, the plaintiff's MCRA claims must also be dismissed.

### E. The Plaintiff's Negligence Claim Against the City Fails.

Count nineteen of the plaintiff's complaint alleges that the City of Boston failed to train and supervise the officers. However, because the plaintiff's claims of excessive force, violation of the MCRA, and assault and battery fail, so must his claim of negligence. By convicting the plaintiff of resisting arrest, the criminal jury found that the officers did not use excessive force. Therefore, the City cannot be held liable for negligent training resulting in excessive force. Cf. Sholley, supra at *21-22, citing Hayden v. Grayson, 134 F.3d 449, 456 (1st Cir. 1998); Holland v. City of Portland, 102 F.3d 6, 11-12 (1st Cir. 1996); Burns v. Loranger, 907 F.2d 233, 239 (1st Cir. 1990).

Allowing this claim to proceed would be another way for the plaintiff to relitigate his resisting arrest conviction.

Accordingly, the plaintiff's claim against the City should be dismissed.

IV. **CONCLUSION**

WHEREFORE, Defendants, Boston Police Officers Brian Albert, Grant Callender, John Conroy, Otis Harewood, Greg Long, Edward Meade and the City of Boston move this Honorable Court to dismiss all counts of the plaintiff's complaint, with prejudice.

**DEFENDANTS REQUEST AN ORAL ARGUMENT FOR THIS MOTION**

        Respectfully submitted,
        DEFENDANTS, GRANT CALLENDAR,
        OTIS HAREWOOD, GREG LONG, BRIAN
        ALBERT, EDWARD MEADE, JOHN
        CONROY, AND CITY OF BOSTON
        Merita A. Hopkins
        Corporation Counsel
        By its attorneys:

        /s/ Helen G. Litsas
        Helen G. Litsas, BBO #644848
        Thomas R. Donohue BBO #643483
        Assistant Corporation Counsel
        City of Boston Law Department
        Room 615, City Hall
        Boston, MA 02201
        (617) 635-4023 – Litsas
        (617) 635-4039 – Donohue

**CERTIFICATE OF SERVICE**

I, Helen G. Litsas, hereby certify that on this date I served a copy of the foregoing documents upon: the pro se plaintiff, Marlow Williams, Sr., Booking No. 0303857, Suffolk County House of Correction, 20 Bradston Street, Boston, MA 02118, by postage prepaid, first class, U.S. Mail.

    12/2/04        /s/ Helen G. Litsas
    Date            Helen G. Litsas