Suffolk   Superior Civil #   04-3534

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS! CLERKS OFFICE

CIVIL ACTION NO. 2

MARLOW WILLIAMS,
Plaintiff

v.

& BOSTON POLICE DEPARTMENT
Defendants

04 - 12 3 46 MLW



**NOTICE OF REMOVAL**
(Pursuant to 28 U.S.C. §1441)

The Defendant City of Boston petitions, pursuant to 28 U.S.C. §1441, for removal

from the Superior Court Department of the Trial Court of the Commonwealth of

Massachusetts the action entitled *Marlow Williams v. City of Boston, et. al.*, currently

pending in Suffolk County as Civil Action No. 2004-3534D.

1.     This action alleges that Defendants violated the Federal civil rights of
Plaintiff, Marlow Williams, by using excessive force during his arrest for
assault and battery on a police officer, resisting arrest, and numerous other
violations regarding an incident on February 4, 2003. Plaintiff further
makes claims for the tortious acts of assault and battery and violations of
the Massachusetts Civil Rights Act under G.L. c. 12, §11I.

2.     In his Federal civil rights claims, the Plaintiff specifically alleges that
Defendants violated 42 U.S.C. §1983. This action clearly "arises under
the Constitution treaties or laws of the United States" and is therefore
removable under 28 U.S.C. §1441.

3.     A fair reading of the facts and theories as a whole make it apparent that
Federal statutory law and issues are an essential part of the case and
therefore, Defendants have the statutory right to remove this action;

4.     This Notice of Removal is being filed within thirty (30) days of service
upon Defendants; and

1

5.     Upon information and belief, the individually named Defendants have
       given their consent for removal.

WHEREFORE, Defendant petitions that this action be removed.

Respectfully submitted,
DEFENDANT, CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel
By its attorney,

. HEREBY ATTEST AND CERTIFY ON

NOV. 5, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

Helen G. Litsas
Assistant Corporation Counsel
BBO# 644848
Thomas R. Donohue
Assistant Corporation Counsel
BBO# 643483
City of Boston Law Department
Room 615, Boston City Hall
Boston, Massachusetts 02201
(617) 635-4023 (Litsas)
(617) 635-4039 (Donohue)

2

## VERIFICATION

I, Helen Litsas, hereby swear under the pains and penalties of perjury that the statements of fact in the petition are true and correct to the best of my knowledge, information and belief.

Respectfully submitted,
DEFENDANT, CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel
By its attorney,

Helen G. Litsas
Assistant Corporation Counsel
BBO# 644848
Thomas R. Donohue
Assistant Corporation Counsel
BBO# 643483
City of Boston Law Department
Room 615, Boston City Hall
Boston, Massachusetts 02201
(617) 635-4023 (Litsas)
(617) 635-4039 (Donohue)

3

## CERTIFICATE OF SERVICE

I, Helen G. Litsas, hereby certify that I served the Defendant, City of Boston's Notice of Removal upon the Plaintiff by mailing a copy, postage prepaid, to:

Marlow Williams No. 0303857
Suffolk County House of Correction
20 Bradston Street
Boston, MA 02108

11/4/04
Date

4

, MAS-20030912
guen ˙

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

11/05/2004
10:46 AM

## SUCV2004-03534
## Willams, Sr., #000303857 v Callender Boston Police Officer et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 08/10/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 11/04/2004 | **Session** | D - Civil D | | |
| **Origin** | 1 | **Case Type** | E96 - Prisoner Cases | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 11/08/2004 | **Answer** | 01/07/2005 | **Rule12/19/20** | 01/07/2005 |
| **Rule 15** | 01/07/2005 | **Discovery** | 06/06/2005 | **Rule 56** | 07/06/2005 |
| **Final PTC** | 08/05/2005 | **Disposition** | 10/04/2005 | **Jury Trial** | No |

### PARTIES

**Plaintiff**
Marlow  Willams, Sr., #000303857
Suffolk County Hse of Correction
20 Bradston St
Boston, MA 02118
Active (prisoner) 08/10/2004 Notify

**Defendant**
Grant  Callender Boston Police Officer
Service pending 08/10/2004

**Defendant**
Otis  Harewood Boston Police Office
Service pending 08/10/2004

**Defendant**
Greg  Long Boston Police Officer
Service pending 08/10/2004

MAS-20030912
guen·

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

11/05/2004
10:46 AM

## SUCV2004-03534
### Willams, Sr., #000303857 v Callender Boston Police Officer et al

**Defendant**
Brian Albert Boston Police Officer
Service pending 08/10/2004

**Defendant**
Edward Meade Boston Police Officer
Service pending 08/10/2004

**Defendant**
John Conroy Boston Police Officer
Service pending 08/10/2004

**Defendant**
City of Boston
Service pending 08/10/2004

**Private Counsel 644848**
Helen G Litsas
Boston (City of) Law Dept
1 City Hall Plaza
Room 615
Boston, MA 02201
Phone: 617-635-4023
Fax: 617-635-6199
Active 11/05/2004 Notify

**Private Counsel 643483**
Thomas R Donohue
Boston (City of) Law Dept
City Hall Plaza
Room 615
Boston, MA 02201
Phone: 617-635-4039
Fax: 617-635-3199
Active 11/05/2004 Notify

**ENTRIES**

| Date | Paper | Text |
|------|-------|------|
| 08/10/2004 | 1.0 | Affidavit of indigency and Request for Waiver, substitution or state payment of normal fees & costs, allowed subject to review by Judge (IMPOUNDED) |
| 08/10/2004 | 2.0 | Complaint |
| 08/10/2004 | | Origin 1, Type E96, Track F. |

MAS-20030912
guen ·

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
**Case Summary**
**Civil Docket**

11/05/2004
10:46 AM

## SUCV2004-03534
### Willams, Sr., #000303857 v Callender Boston Police Officer et al

| Date | Paper | Text |
|------|-------|------|
| 08/10/2004 | 3.0 | Civil action cover sheet filed |
| 08/26/2004 | 4.0 | ORDER TO COUNTY SHERIFF TO PROVIDE CERTAIN INFORMATION REGARDING INMATE ACCOUNT RELATIVE TO PLAINTIFF'S MOTION TO WAIVE FILING FEE AND PROCEED IN FORMA PAUPERIS -- The plaintiff in the above-captioned action has filed a motion to waive the filing fee and court costs (normal) and to proceed in forma pauperis.  Pursuant to G.L. c261 s29, the correctional facility where the prisoner is currently incarcerated shall file a document showing the current status of the plainitff's canteen account and savings account, if any, and the account activity for the past six (6) months.  The document shall be filed within thirty (30) days of the date of this order.  The statement is to be mailed to:  SUFFOLK SUPERIOR COURT, CIVIL CLERK'S OFFICE, PRISONER DEPARTMENT, RM. 810, 90 DEVONSHIRE STREET, BOSTON, MA. 02109.   By the Court,  (White, Justice)  Notice Sent 08/26/2004. |
| 08/26/2004 | 5.0 | ORDER:  After a review of your petition and correspondence, the Court has instructed the Clerk's Office to take the following action: Service is to be made upon defendant's  by means of certified mail by plaintiff.  A copy of the complaint is to be sent to the Office of the Attorney General or the Department of Corrections by the Plaintiff.  By the Court, (White, Justice)  Notice Sent 08/26/2004. |
| 09/02/2004 | 6.0 | ORDER:  NOTICE OF WAIVER OF COURT COSTS AND REQUEST FOR PAYMENT TO BE WITHDRAWN FROM ACCOUNT (PURSUANT TO G.L.c.261 sec.29)  -- The Prisoner/plaintiff in the above-captioned action has filed a motion to waive the filing fee of $275.00 and court costs (normal) and to proceed in forma pauperis.  After reviewing the affidavit of indigency and the statement of inmate account provided by the correctional facility, the court hereby orders:  The plaintiff is incapable of paying the filing fee and may proceed in forma pauperis.  By the Court (White, Justice)  Notice Sent 09/02/2004. |
| 11/04/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. City Of Boston U. S. Dist.#(04-12346MLW). |
| 11/04/2004 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

I HEREBY ATTEST AND CERTIFY ON

NOV. 5, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK.

## Commonwealth of Massachusetts
### County of Suffolk
### The Superior Court

1.

CIVIL DOCKET#: **SUCV2004-03534-D**

RE:    Williamsx Sr v Callender Boston Police Officer et al

TO:    Marlow Williamsx Sr
       Suffok County House of Correctio
       20 Bradston St
       Boston, MA 02118

---------

## NOTICE OF DOCKET ENTRY

You are hereby notified that on **08/10/2004** the following entry was made on the above referenced docket:

**Affidavit of indigency and Request for Waiver, substitution or state payment of normal fees & costs, allowed subject to review by Judge (IMPOUNDED)**

Dated at Boston, Massachusetts this 25th day of August, 2004.

Michael Joseph Donovan,
Clerk of the Courts

BY:
Assistant Clerk

Telephone: 617-788-8110

. HEREBY ATTEST AND CERTIFY ON
NOV. 5, 2004
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

cvdgeneric_2.wpd 2562483 affind russolis

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

SUFFOLK, ss.                                        SUPERIOR CIVIL COURT

                                                                        04-3534

                                                   DOCKET NO. _____

Marlow Williams Sr.        )
                           )                       COMPLAINT
                           )
          v.               )
                           )  .
Cosont Callender           )
and                        )
Otis Harewood              )
and                        )
Corey Long                 )
and                        )
Brian Albert               )
and                        )
Edward Meade               )
and                        )
John Conroy                )
and                        )
City of Boston             )

PARTIES

1. The plaintiff in all counts is Marlow Williams Sr, Inmate # 0303857 _____,
Suffolk County House of Correction, 20 Bradston Street, Boston, MA 02118.

2. The defendant in Counts One, Two, and Three is Cosont Callender _____, a
Boston Police officer with a business address of One Schroeder Plaza, Boston, MA
02120.

3. The defendant in Counts Four, Five, and Six is Otis Harewood _____, a
Boston Police officer with a business address of One Schroeder Plaza, Boston, MA
02120.

4. The defendant in Counts Seven, Eight, and Nine, is
   Corey Long _____, a Boston Police officer with a business address of
   One Schroeder Plaza, Boston, MA 02120.

5. The defendant in Counts Ten, Eleven, and Twelve, is
   Brian Albert _____, a Boston Police officer with a business address of
   One Schroeder Plaza, Boston, MA 02120.

6. The defendant in Counts Thirteen, Fourteen, and Fifteen, is
   Edward Meade _____, a Boston Police officer with a business address of
   One Schroeder Plaza, Boston, MA 02120.

7.  The defendant in Counts Sixteen, Seventeen, and Eighteen, is
_____John Conroy_____, a Boston Police officer with a business address of
One Schroeder Plaza, Boston, MA 02120.

8.  Count Nineteen is against defendant City of Boston, for harm negligently inflicted
upon plaintiff, due to the negligence of the individual defendants named above, and due
to the negligence of the City of Boston to reasonably train and supervise the individual
defendants named above.

## COUNT ONE

1.  This count is against defendant _____Grant Callendar_____ for the intentional tort
of assault and battery against plaintiff under common law.

2.  On or about _____February 4, 2003_____, defendant _____Grant Callendar,_____
a Boston Police Officer, without consent, justification, or excuse, intentionally used
more force that reasonably necessary to arrest plaintiff.

3.  On or about _____February 4, 2003_____, defendant _____Grant Callendar,_____
a Boston Police Officer, in the course of using excessive force in said arrest, intentionally
struck and harmed the plaintiff as follows: Striking the plaintiff in the
face, head, and body area with a blunt object called a "Sap
Stick," used to strike the plaintiff multiple times, who was in-
armed and in close custody of multiple officers.

4.  The conduct of defendant _____Grant Callendar_____ in striking plaintiff and in
using excessive force in said arrest has constituted an intentional assault and battery
against plaintiff in violation of common law.

5.  As the result of the conduct of defendant _____Grant Callendar_____ as
described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and
has lost significant physical ability.

6. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing
a suit for a intentional tort.

7.  Plaintiff therefore claims relief for intentional assault and battery by defendant
_____Grant Callendar_____, personally, under the common law.

Wherefore, Plaintiff prays for judgment against defendant _____Grant Callendar_____
for \$1 million in compensatory damages, and for such punitive damages as the court may
award.

## COUNT TWO

1. This count is against the defendant _____Grant Callendar_____ personally for
civil rights violations against plaintiff under state law, M.G.L. c. 12 s. 11I.

2.  On or about _____February 4, 2003_____, defendant _____Grant Callendar,_____
a Boston Police Officer, without consent, justification, or excuse, intentionally and/or
recklessly used more force that reasonably necessary to arrest plaintiff.

3.  On or about _____February 4, 2003_____, defendant _____Grant Callendar,_____
a Boston Police Officer, in the course of using excessive force in said arrest, intentionally
and/or recklessly struck and harmed the plaintiff as follows: Striking the plaintiff
in the face, head, and body area with a blunt object called a

25

"Sap stick" used to strike the plaintiff multiple times who was unarmed and in close custody of multiple officers.

4.    The conduct of defendant _Grant Callendar_ in using excessive force in said arrest has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under state law.

5.    The conduct of defendant _Grant Callendar_ in using excessive force in said arrest constituted a form of coercion against plaintiff in that it forced plaintiff to suffer an unauthorized, cruel punishment of an unlawful beating.

6.    As the result of the conduct of defendant _Grant Callendar_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8. Plaintiff therefore claims relief for intentional, reckless, or calloUs conduct against defendant _Grant Callendar_, personally, for violations of civil rights under state law.

Wherefore, Plaintiff prays for judgment against defendant _Grant Callendar_ for $1 million in compensatory damages, and for such punitive damages as the court may award.

COUNT THREE

1. This count is against the defendant _Grant Callendar_, a Boston Police Officer, personally for civil rights violations against plaintiff under federal law, 42 U.S.C s. 1983.

2.   On or about _February 4, 2003_, defendant _Grant Callendar_, a Boston Police Officer, under color of state law, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3.   On or about _February 4, 2003_, defendant _Grant Callendar_, a Boston Police Officer, under color of state law, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: Striking the plaintiff in the face, head, and body areas with a blunt object called a "sap stick" used to strike the plaintiff multiple times who was unarmed and in close custody of multiple officers.

4.    The conduct of defendant _Grant Callendar_ in using excessive force in said arrest under color of state law has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under federal law.

5.    The conduct of defendant _Grant Callendar_ in using excessive force in said arrest forced plaintiff to suffer the unauthorized, cruel punishment of an unlawful beating.

6.    As the result of the conduct of defendant _Grant Callender_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8.  Plaintiff therefore claims relief for intentional, reckless, or callous conduct against defendant _Grant Callendar_, personally, for violations of civil rights under federal law.

Wherefore, Plaintiff prays for judgment against defendant _Grant Callendar_ for \$1 million in compensatory damages, and for such punitive damages as the court may award.

## COUNT FOUR

1. This count is against defendant _Otis Harewood_ for the intentional tort of assault and battery against plaintiff under common law.

2.  On or about _February 4, 2003_, defendant _Otis Harewood_, a Boston Police Officer, without consent, justification, or excuse, intentionally used more force that reasonably necessary to arrest plaintiff.

3.  On or about _February 4, 2003_, defendant _Otis Harewood_, a Boston Police Officer, in the course of using excessive force in said arrest, intentionally struck and harmed the plaintiff as follows: _Striking the plaintiff with closed fist to the face, head and body areas multiple times. Who was unarmed and in close custody of several officers_

4. The conduct of defendant _Otis Harewood_ in striking plaintiff and in using excessive force in said arrest has constituted an intentional assault and battery against plaintiff in violation of common law.

5.    As the result of the conduct of defendant _Otis Harewood_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

6. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a suit for a intentional tort.

7. Plaintiff therefore claims relief for intentional assault and battery by defendant _Otis Harewood_, personally, under the common law.

Wherefore, Plaintiff prays for judgment against defendant _Otis Harewood_ for \$1 million in compensatory damages, and for such punitive damages as the court may award.

## COUNT FIVE

1. This count is against the defendant _Otis Harewood_ personally for civil rights violations against plaintiff under state law, M.G.L. c. 12 s. 11I.

2. On or about _February 4, 2003_, defendant _Otis Harewood_, a Boston Police Officer, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3. On or about _February 4, 2003_, defendant _Otis Harewood_, a Boston Police Officer, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: _Striking the plaintiff with closed fist to the face, head, and body areas multiple times who was unarmed and in close custody of multiple officers_.

4. The conduct of defendant _Otis Harewood_ in using excessive force in said arrest has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under state law.

5. The conduct of defendant _Otis Harewood_ in using excessive force in said arrest constituted a form of coercion against plaintiff in that it forced plaintiff to suffer an unauthorized, cruel punishment of an unlawful beating.

6. As the result of the conduct of defendant _Otis Harewood_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8. Plaintiff therefore claims relief for intentional, reckless, or callos conduct against defendant _Otis Harewood_, personally, for violations of civil rights under state law.

Wherefore, Plaintiff prays for judgment against defendant _Otis Harewood_ for $1 million in compensatory damages, and for such punitive damages as the court may award.

### COUNT SIX

1. This count is against the defendant _Otis Harewood_, a Boston Police Officer, personally for civil rights violations against plaintiff under federal law, 42 U.S.C s. 1983.

2. On or about _February 4, 2003_, defendant _Otis Harewood_, a Boston Police Officer, under color of state law, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3. On or about _February 4, 2003_, defendant _Otis Harewood_, a Boston Police Officer, under color of state law, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: _Striking the plaintiff with closed fist to the face, head, and body areas multiple times who was unarmed and in close custody of multiple officers_.

4. The conduct of defendant _Otis Harewood_ in using excessive force in said arrest under color of state law has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under federal law.

5.     The conduct of defendant ___Otis Harewood___ in using excessive force in said arrest forced plaintiff to suffer the unauthorized, cruel punishment of an unlawful beating.

6.     As the result of the conduct of defendant ___Otis Harewood___ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8.  Plaintiff therefore claims relief for intentional, reckless, or callous conduct against defendant ___Otis Harewood___, personally, for violations of civil rights under federal law.

Wherefore, Plaintiff prays for judgment against defendant ___Otis Harewood___ for $1 million in compensatory damages, and for such punitive damages as the court may award.

### COUNT SEVEN

1. This count is against defendant ___Oren Long___ for the intentional tort of assault and battery against plaintiff under common law.

2.  On or about ___February 4, 2003___, defendant ___Oren Long___, a Boston Police Officer, without consent, justification, or excuse, intentionally used more force that reasonably necessary to arrest plaintiff.

3.  On or about ___February 4, 2003___, defendant ___Oren Long___, a Boston Police Officer, in the course of using excessive force in said arrest, intentionally struck and harmed the plaintiff as follows: ___striking the plaintiff in the ribs, legs, and lower body areas with closed fist multiple times, who was unarmed and in close custody of multiple officers.___

4. The conduct of defendant ___Oren Long___ in striking plaintiff and in using excessive force in said arrest has constituted an intentional assault and battery against plaintiff in violation of common law.

5.     As the result of the conduct of defendant ___Oren Long___ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

-6.  No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a suit for a intentional tort.

7.  Plaintiff therefore claims relief for intentional assault and battery by defendant ___Oren Long___, personally, under the common law.

Wherefore, Plaintiff prays for judgment against defendant ___Oren Long___ - for $1 million in compensatory damages, and for such punitive damages as the court may award.

## COUNT EIGHT

1. This count is against the defendant _____Greg Long_____ personally for civil rights violations against plaintiff under state law, M.G.L. c. 12 s. 11I.

2. On or about _____February 4, 2003_____, defendant _____Greg Long_____, a Boston Police Officer, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3. On or about _____February 4, 2003_____, defendant _____Greg Long_____, a Boston Police Officer, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: _Striking the plain-tiff in the ribs legs, and lower body areas with closed fist multiple times. who was unarmed and in close custody of multiple officers._

4. The conduct of defendant _____Greg Long_____ in using excessive force in said arrest has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under state law.

5. The conduct of defendant _____Greg Long_____ in using excessive force in said arrest constituted a form of coercion against plaintiff in that it forced plaintiff to suffer an unauthorized, cruel punishment of an unlawful beating.

6. As the result of the conduct of defendant _____Greg Long_____ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8. Plaintiff therefore claims relief for intentional, reckless, or callos conduct against defendant _____Greg Long_____, personally, for violations of civil rights under state law.

Wherefore, Plaintiff prays for judgment against defendant _____Greg Long_____ for $1 million in compensatory damages, and for such punitive damages as the court may award.

## COUNT NINE

1. This count is against the defendant _____Greg Long_____, a Boston Police Officer, personally for civil rights violations against plaintiff under federal law, 42 U.S.C s. 1983.

2. On or about _____February 4, 2003_____, defendant _____Greg Long_____, a Boston Police Officer, under color of state law, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3. On or about _____February 4, 2003_____, defendant _____Greg Long_____, a Boston Police Officer, under color of state law, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: _Striking the plaintiff in the ribs, legs, and lower body areas with closed fist multiple times. who was unarmed and in close custody of multiple police officers._

4.    The conduct of defendant _____Greg Long_____ in using excessive force in said arrest under color of state law has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under federal law.

5.    The conduct of defendant _____Greg Long_____ in using excessive force in said arrest forced plaintiff to suffer the unauthorized, cruel punishment of an unlawful beating.

6.    As the result of the conduct of defendant _____Greg Long_____ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8. Plaintiff therefore claims relief for intentional, reckless, or callous conduct against defendant _____Greg Long_____, personally, for violations of civil rights under federal law.

Wherefore, Plaintiff prays for judgment against defendant _____Greg Long_____ for $1 million in compensatory damages, and for such punitive damages as the court may award.

## COUNT TEN

1. This count is against defendant _____Brian Albert_____ for the intentional tort of assault and battery against plaintiff under common law.

2. On or about _____February 4, 2003_____, defendant _____Brian Albert_____, a Boston Police Officer, without consent, justification, or excuse, intentionally used more force that reasonably necessary to arrest plaintiff.

3.   On or about _____February 4, 2003_____, defendant _____Brian Albert_____, a Boston Police Officer, in the course of using excessive force in said arrest, intentionally struck and harmed the plaintiff as follows: _____Striking the plaintiff with closed fist to the face and body areas multiple times, who was unarmed and in close custody of multiple officers_____

4. The conduct of defendant _____Brian Albert_____ in striking plaintiff and in using excessive force in said arrest has constituted an intentional assault and battery against plaintiff in violation of common law.

5.    As the result of the conduct of defendant _____Brian Albert_____ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

6. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4; prior to bringing a suit for a intentional tort.

7. Plaintiff therefore claims relief for intentional assault and battery by defendant _____Brian Albert_____, personally, under the common law.

Wherefore, Plaintiff prays for judgment against defendant _____Brian Albert_____ for $1 million in compensatory damages, and for such punitive damages as the court may award.

COUNT ELEVEN

1. This count is against the defendant _Brian Albert_ personally for civil rights violations against plaintiff under state law, M.G.L. c. 12 s. 11I.

2. On or about _February 4, 2003_, defendant _Brian Albert_, a Boston Police Officer, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3. On or about _February 4, 2003_, defendant _Brian Albert_, a Boston Police Officer, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: _Striking the plaintiff with closed fist to the face, and the body areas multiple times, who was unarmed and in close custody of multiple officers_

4. The conduct of defendant _Brian Albert_ in using excessive force in said arrest has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under state law.

5. The conduct of defendant _Brian Albert_ in using excessive force in said arrest constituted a form of coercion against plaintiff in that it forced plaintiff to suffer an unauthorized, cruel punishment of an unlawful beating.

6. As the result of the conduct of defendant _Brian Albert_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8. Plaintiff therefore claims relief for intentional, reckless, or callos conduct against defendant _Brian Albert_, personally, for violations of civil rights under state law.

Wherefore, Plaintiff prays for judgment against defendant _Brian Albert_ for $1 million in compensatory damages, and for such punitive damages as the court may award.

COUNT TWELVE

1. This count is against the defendant _Brian Albert_, a Boston Police Officer, personally for civil rights violations against plaintiff under federal law, 42 U.S.C s. 1983.

2. On or about _February 4, 2003_, defendant _Brian Albert_, a Boston Police Officer, under color of state law, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3. On or about _February 4, 2003_, defendant _Brian Albert_, a Boston Police Officer, under color of state law, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: _Striking the Plaintiff with closed fist to the face, and body areas multiple times, Who was unarmed and in close custody of multiple officers_

4.    The conduct of defendant ___Brian Albert___ in using excessive force in said arrest under color of state law has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under federal law.

5.    The conduct of defendant ___Brian Albert___ in using excessive force in said arrest forced plaintiff to suffer the unauthorized, cruel punishment of an unlawful beating.

6.    As the result of the conduct of defendant ___Brian Albert___ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8.  Plaintiff therefore claims relief for intentional, reckless, or callous conduct against defendant ___Brian Albert___, personally, for violations of civil rights under federal law.

Wherefore, Plaintiff prays for judgment against defendant ___Brian Albert___ for $1 million in compensatory damages, and for such punitive damages as the court may award.

COUNT THIRTEEN

1. This count is against defendant ___Edward Meade___ for the intentional tort of assault and battery against plaintiff under common law.

2.  On or about ___February 4, 2003___, defendant ___Edward Meade___, a Boston Police Officer, without consent, justification, or excuse, intentionally used more force that reasonably necessary to arrest plaintiff.

3.  On or about ___February 4, 2003___, defendant ___Edward Meade___, a Boston Police Officer, in the course of using excessive force in said arrest, intentionally struck and harmed the plaintiff as follows: ___Striking the plaintiff in the head, face, and body area multiple times who was unarmed and in close custody of multiple officers.___

4. The conduct of defendant ___Edward Meade___ in striking plaintiff and in using excessive force in said arrest has constituted an intentional assault and battery against plaintiff in violation of common law.

5.    As the result of the conduct of defendant ___Edward Meade___ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

6.  No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a suit for a intentional tort.

7.  Plaintiff therefore claims relief for intentional assault and battery by defendant ___Edward Meade___, personally, under the common law.

Wherefore, Plaintiff prays for judgment against defendant ___Meade Edward___ for $1 million in compensatory damages, and for such punitive damages as the court may award.

COUNT FOURTEEN

1. This count is against the defendant _Edward Meade_ personally for civil rights violations against plaintiff under state law, M.G.L. c. 12 s. 11I.

2. On or about _February 4, 2003_, defendant _Edward Meade_, a Boston Police Officer, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3. On or about _February 4, 2003_, defendant _Edward Meade_, a Boston Police Officer, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: _Striking the plaintiff in the head, face, and body area multiple times, who was unarmed and in close custody of multiple officers._

4. The conduct of defendant _Edward Meade_ in using excessive force in said arrest has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under state law.

5. The conduct of defendant _Edward Meade_ in using excessive force in said arrest constituted a form of coercion against plaintiff in that it forced plaintiff to suffer an unauthorized, cruel punishment of an unlawful beating.

6. As the result of the conduct of defendant _Edward Meade_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8. Plaintiff therefore claims relief for intentional, reckless, or callos conduct against defendant _Edward Meade_, personally, for violations of civil rights under state law.

Wherefore, Plaintiff prays for judgment against defendant _Edward Meade_ for $1 million in compensatory damages, and for such punitive damages as the court may award.

COUNT FIFTEEN

1. This count is against the defendant _Edward Meade_, a Boston Police Officer, personally for civil rights violations against plaintiff under federal law, 42 U.S.C s. 1983.

2. On or about _February 4, 2003_, defendant _Edward Meade_, a Boston Police Officer, under color of state law, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3. On or about _February 4, 2003_, defendant _Edward Meade_, a Boston Police Officer, under color of state law, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: _Striking the plaintiff in the head, face, and body areas multiple times, who was unarmed and in close custody of multiple officers._

4.   The conduct of defendant _Edward Meade_ in using excessive force in said arrest under color of state law has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under federal law.

5.   The conduct of defendant _Edward Meade_ in using excessive force in said arrest forced plaintiff to suffer the unauthorized, cruel punishment of an unlawful beating.

6.   As the result of the conduct of defendant _Edward Meade_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c.258 s. 4, prior to bringing a civil suit for violation of civil rights.

8. Plaintiff therefore claims relief for intentional, reckless, or callous conduct against defendant _Edward Meade_ personally, for violations of civil rights under federal law.

Wherefore, Plaintiff prays for judgment against defendant _Edward Meade_ for $1 million in compensatory damages, and for such punitive damages as the court may award.

## COUNT SIXTEEN

1. This count is against defendant _John Conroy_ for the intentional tort of assault and battery against plaintiff under common law.

2.  On or about _February 4, 2003_, defendant _John Conroy_, a Boston Police Officer, without consent, justification, or excuse, intentionally used more force than reasonably necessary to arrest plaintiff.

3.  On or about _February 4, 2003_, defendant _John Conroy_, a Boston Police Officer, in the course of using excessive force in said arrest, intentionally struck and harmed the plaintiff as follows: _Striking the plaintiff in the face, head, and body area with closed fist multiple times, who was unarmed and in close custody of multiple officers_

4. The conduct of defendant _John Conroy_ in striking plaintiff and in using excessive force in said arrest has constituted an intentional assault and battery against plaintiff in violation of common law.

5.   As the result of the conduct of defendant _John Conroy_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

6. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a suit for a intentional tort.

7. Plaintiff therefore claims relief for intentional assault and battery by defendant _John Conroy_, personally, under the common law.

Wherefore, Plaintiff prays for judgment against defendant _John Conroy_ for $1 million in compensatory damages, and for such punitive damages as the court may award.

## COUNT SEVENTEEN

1. This count is against the defendant ___John Conroy___ personally for civil rights violations against plaintiff under state law, M.G.L. c. 12 s. 11I.

2. On or about ___February 4, 2003___, defendant ___John Conroy___, a Boston Police Officer, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3. On or about ___February 4, 2003___, defendant ___John Conroy___, a Boston Police Officer, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: ___Striking the plaintiff in the face, head, and body area with closed fist multiple times, who was unarmed and in close custody of multiple officers.___

4. The conduct of defendant ___John Conroy___ in using excessive force in said arrest has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under state law.

5. The conduct of defendant ___John Conroy___ in using excessive force in said arrest constituted a form of coercion against plaintiff in that it forced plaintiff to suffer an unauthorized, cruel punishment of an unlawful beating.

6. As the result of the conduct of defendant ___John Conroy___ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8. Plaintiff therefore claims relief for intentional, reckless, or callos conduct against defendant ___John Conroy___, personally, for violations of civil rights under state law.

Wherefore, Plaintiff prays for judgment against defendant ___John Conroy___ for $1 million in compensatory damages, and for such punitive damages as the court may award.

## COUNT EIGHTEEN

1. This count is against the defendant ___John Conroy___, a Boston Police Officer, personally for civil rights violations against plaintiff under federal law, 42 U.S.C s. 1983.

2. On or about ___February 4, 2003___, defendant ___John Conroy___, a Boston Police Officer, under color of state law, without consent, justification, or excuse, intentionally and/or recklessly used more force that reasonably necessary to arrest plaintiff.

3. On or about ___February 4, 2003___, defendant ___John Conroy___, a Boston Police Officer, under color of state law, in the course of using excessive force in said arrest, intentionally and/or recklessly struck and harmed the plaintiff as follows: ___striking the plaintiff in the face, head, and body area with closed fist multiple times, who was unarmed and in close custody of multiple officers___

4.    The conduct of defendant _John Conley_ in using excessive force in said arrest under color of state law has constituted deliberate, reckless, or callous conduct, in violation of plaintiff's civil rights under federal law.

5.    The conduct of defendant _John Conroy_ in using excessive force in said arrest forced plaintiff to suffer the unauthorized, cruel punishment of an unlawful beating.

6.    As the result of the conduct of defendant _John Conroy_ as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. No notice of claim is required to be mailed under M.G.L. c. 258 s. 4, prior to bringing a civil suit for violation of civil rights.

8. Plaintiff therefore claims relief for intentional, reckless, or callous conduct against defendant _John Conroy_, personally, for violations of civil rights under federal law.

Wherefore, Plaintiff prays for judgment against defendant _John Conroy_ for $1 million in compensatory damages, and for such punitive damages as the court may award.

## COUNT NINETEEN

1. This count is against the defendant City of Boston, a municipal corporation with a principal office c/o the Boston Mayor, One City Hall square, Boston, MA 02201, Boston Police Officer, for harm negligently inflicted upon plaintiff, due to the negligence of the individual defendants named above, and due to the negligence of the City of Boston to reasonably train and supervise the individual defendants named above.

2.  On or about _February 4, 2003_, all the human defendants, each a Boston Police Officer, without consent, justification, or excuse, negligently used more force that reasonably necessary to arrest plaintiff.

3.  On or about _February 4, 2003_, all the human defendants, each a Boston Police Officer, in the course of using excessive force in said arrest, negligently struck and harmed the plaintiff as follows:
_Striking the plaintiff in the head, face, and body areas multiple times using closed fist and/or blunt objects as weapons multiple times, who was maimed and in close custody of multiple officer_

4. The City of Boston has failed to reasonably train and supervise the individual defendants named above.

6.    As the result of the conduct of the defendants as described herein, plaintiff has suffered pain and suffering, has lost earnings potential, and has lost significant physical ability.

7. A notice of claim was mailed to the Boston Mayor by certified mail over six months ago under M.G.L. c. 258 s. 4, prior to bringing this count for negligence.

8. Plaintiff therefore claims relief for negligence against defendant City of Boston.

Wherefore, Plaintiff prays for judgment against defendant City of Boston for $600,000 in compensatory damages ($100,000 per human defendant).

Date: August 2, 2004

_Winslow Williams_
(Signature)
_Winslow Williams Jr._, pro se
(Printed Name)
Booking No. _0303857_
Suffolk County House of Correction
20 Bradston Street
Boston, MA 02118

. HEREBY ATTEST AND CERTIFY ON

NOV. 5, 2005 ___, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _Lorraine A. Costosca_

ASSISTANT CLERK.

Marion Williams Sr.

PLANTIFF(S); FIRM NAME, ADDRESS AND TEL.)

DEFENDANTS

ATTORNEY(S) (if known)

ard of Bar Overseers # (Required)

## ORIGIN CODE AND TRACK DESIGNATION

ace an ☒ in one box only:

☐ 1. F01 Original Complaint
☒ 2. F02 Removal to Sup. Ct. c231, s. 104 (F)
☐ 3. F03 Retransfer to Sup. Ct. c231, s. 102C (X)

☐ 4. F04 District Ct. Appeal c231, s. 97 (X)
☐ 5. F05 Reactivated after Rescript; Relief from judgment/order (Mass. R Civ. R. 60 (X)
☐ 6. E10 Summary process appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

Intentional Tort/Negligence/Personal Injury (F)    ☒ Yes    ☐ No

1. PLEASE GIVE A CONCISE STATEMENT OF THE FACTS: (Required in ALL Types of Actions)

1. On February 4, 2003 the plaintiff was arrested at 38 Coleman St.
2. During the arrest the plaintiff suffered multiple injuries to the face, head, and body.
3. The brutal assault and battery committed by the defendants was without any legal justification and without provocation by the plaintiff who was unarmed and in close custody of multiple officers.

2. IN A CONTRACT ACTION (CODE A) OR A TORT ACTION (CODE B) STATE, WITH PARTICULARITY, MONEY DAMAGES WHICH WOULD WARRANT A REASONABLE LIKELIHOOD THAT RECOVERY WOULD EXCEED $25,000: 1. Compensation in the amount of $6,000,000 for emotional distress, police misconduct, violation of civil rights under the 9th and 14th amendments; Police brutality, excessive force, head trauma, mental distress, and pain & suffering.

3. PLEASE IDENTIFY, BY CASE NUMBER, NAME AND DIVISION, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

SIGNATURE OF ATTORNEY OF RECORD OR PLAINTIFF    DATE

Marion T. Williams    August 2, 2004

### OFFICE USE ONLY - DO NOT WRITE BELOW THIS LINE

DISPOSITION

A. Judgment Entered
☐ 1. Before jury trial or non-jury hearing
☐ 2. During jury trial or non-jury hearing
☐ 3. After jury verdict
☐ 4. After court finding
☐ 5. After post trial motion

B. No Judgment Entered
☐ 6. Transferred to District Court under G.L. c.231, s.102C
Disposition Date:

RECEIVED
BY:
DATE:
DISPOSITION ENTERED
BY:
DATE:

CLERK MAGISTRATE'S COPY

I HEREBY ATTEST AND CERTIFY ON

NOV. 5, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By.

ASSISTANT CLERK.

**County of Suffolk**
**The Superior Court**

CIVIL DOCKET#: **SUCV2004-03534**

Marlow Willams, Sr., #000303857,
         Plaintiff(s)

    vs.

Grant Callender Boston Police Officer, Otis Harewood Boston Police Office, Greg Long
Boston Police Officer, Brian Albert Boston Police Officer, Edward Meade Boston Police
Officer, John Conroy Boston Police Officer,
         Defendant(s)

## ORDER TO COUNTY SHERIFF TO PROVIDE CERTAIN INFORMATION
## REGARDING INMATE ACCOUNT
## RELATIVE TO PLAINTIFF'S MOTION TO WAIVE FILING FEE
## AND PROCEED IN FORMA PAUPERIS

The plaintiff in the above-captioned action has filed a motion to waive the filing fee

and court costs (normal) and to proceed in forma pauperis.

Pursuant to G.L. c261 s29, the correctional facility where the prisoner is currently

incarcerated shall file a document showing the current status of the plaintiff's canteen

account and savings account, if any, and the account activity for the past six (6) months.

The document shall be filed within thirty (30) days of the date of this order. The statement

is to be mailed to:

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
PRISONER DEPARTMENT, RM. 810
90 DEVONSHIRE STREET
BSOTON, MA. 02109

Dated at Boston, Massachusetts this 26th day of August, 2004.

By the Court, (White, Justice)

BY: _____
Assistant Clerk

Notice Sent:  08/26/2004  (ah)
M.W.      A.J.C.
(Pro Se)  SHERIFF

I HEREBY ATTEST AND CERTIFY ON

NOV. 5, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____

ASSISTANT CLERK.

**5**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.
SUPERIOR COURT
NO. __04-3534-D__

PRISONER PETITIONS – CIVIL ACTION DISPOSITION SHEET

TO:         MARLOW WILLIAMS, SR., #000303857
ADDRESS:    SUFFOLK COUNTY HOUSE OF CORRECTION
            20 BRADSTON STREET
            BOSTON, MA.  02118

DATE:

After a review of your petition and correspondence, the Court has instructed the Clerk's Office to take the following action:

( )  (See attached Order)

(✓)  Service is to be made upon defendant(s) by means of (certified) (━━) mail by plaintiff(s).

(✓)  A copy of the complaint is to be sent to the Office of the Attorney General or the Department of Corrections by the plaintiff(s).

( )  a copy of the petition is to be sent to the Mass. Correction Legal Service for review and report as to legal representation in this matter.

( )  The trial date of this case will be scheduled by the Clerk's Office and you will be notified.

( )  The case is to be heard by the Court on the basis of briefs and affidavits only on _____, pursuant to the (plaintiff's) (defendant's) motion _____.

( )  _____
     _____

NOTICE SENT: 08/26/2004  (ah)
M.W. -(Pro Se)

SUMMONSES, ETC. MAILED

( )  The correspondence is to be returned to you because:

( )  it fails to state a claim upon which relief can be granted.

( )  it is a duplication of your pending case in this Court.

( )  it fails to comply with the procedural requirements of Mass. G.L. 258 (Mass. Tort Claims Act) of providing six months notice to the defendant prior to the filing of a complaint and specifically naming the Commonwealth as a defendant.

( )  It fails to state that the proper administrative remedies have been exhausted.

( )  It is incomprehensible.

DATE: __8-26-04__

(_C. White_ J.)

ATTEST: _____
        ASSISTANT CLERK

. HEREBY ATTEST AND CERTIFY ON
NOV. 5, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____

ASSISTANT   CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                            SUPERIOR COURT

## SPECIAL AMENDMENT TO SUPERIOR COURT RULE 9A FOR INMATE CIVIL CASES

Inmates who have Civil Cases pending in Superior Court will not be required to comply with the changes in Rule 9A which became effective in January, 1990.That is, instead of "packaging" motions and responses thereto, as required by the amended Rule 9A, inmates may follow the old Rule 9A which allows direct mailing of all motions and responses to the Clerk-Magistrate's Office. This Special Amendment will relieve inmates of the burden of packaging motions and responses, and also save them the cost of mailing said package to the Clerk's Office.

Robert L. Steadman, J.
Chief Justice of the Superior Court

Date_____

Case to enter w/o fee. Plaintiff(s) to serve by certified mail, copy
to Attorney General. Summonses sent to Plaintiff at no cost.
Hearing    set    for

_____

_____

(                )             ATT:_____
                                    Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK. SS.                                          SUPERIOR COURT

## NOTICE

### RE:   CIVIL PRISONER COMPLAINTS

Your return of service must be in compliance with the Court's endorsement entered on your complaint at the time of entry. If a complaint is to be served by certified mail, the return must be accompanied Certified with Return Receipt Card. If the receipts are unavailable, the return should be accompanied by Affidavit of Service stating that the complaint was served by certified mail. Additionally, all documents filed in Court must contain an original signature. Failure to comply with these rules will result in the returning of documents.

_____
Assistant Clerk

DATE:

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                        SUPERIOR COURT

ADMINISTRATIVE DIRECTIVE  92-1

This administrative directive is implemented to address the unique problems that often accompany a civil action that is filed by someone who is incarcerated. Its aim is to promote a just and speedy resolution of these civil actions by ensuring:

1. That upon filing, the complaint is entered expeditiously and appropriate notice is sent.

2. That all named parties receive actual notice of the litigation.

3. That the cases proceed in a timely and cost effective manner.

Accordingly, it is ordered that upon the filing of the complaint, the Clerk is to pass upon the sufficiency of the affidavit of indigency ( in almost all cases, the prisoner is indigent but has access to limited funds) and if indigent, to authorize service of process by certified mail on all named defendants - copy to the Attorney General. With notification of this action, the Clerk is to provide the plaintiff with the appropriate number of blank summonses. It is the obligation of the plaintiff to provide the requisite number of copies of the complaint and to complete the summons to perfect service. In those rare instances wherein the plaintiff has no funds, (ex: not in the general population of the prison), service may be authorized by regular mail and the Court is to provide the appropriate number of blank summonses.

With the notice of the Court's action, the plaintiff is also to be notified of what is required in filing a return of service and of the waiving of that part of Superior Court Rule 9A which requires the packaging of motions and responses thereto.

When a complaint filed by an inmate requires other that money damages, the complaint is to be reviewed by a justice for whatever action he or she deems appropriate. For example, it is the discretion of the justice to decide a requisite for a preliminary injunction upon the submissions and not the presence of the inmate.

This administrative directive is to take effect forthwith.

                                        Robert L. Steadman
                                        Chief Justice of the Superior Court

Dated: May 1, 1992

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

6

CIVIL DOCKET#: **SUCV2004-03534**

Marlow Willams, Sr., #000303857,
    Plaintiff(s)

vs

Grant Callender Boston Police Officer, Otis Harewood Boston Police Office, Greg Long Boston Police Officer, Brian Albert Boston Police Officer, Edward Meade Boston Police Officer, John Conroy Boston Police Officer,
    Defendant(s)

### NOTICE OF WAIVER OF COURT COSTS AND REQUEST
### FOR PAYMENT TO BE WITHDRAWN FROM ACCOUNT
### (PURSUANT TO G.L. c. 261 sec. 29)

The prisoner/plaintiff in the above-captioned action has filed a motion to waive the filing fee and court costs (normal) and to proceed in forma pauperis. After reviewing the affidavit of indigency and the statement of inmate account provided by the correctional facility, the court hereby orders:

_✓_ The plaintiff is incapable of paying the filing fee and may proceed in forma pauperis.

**Suffolk Superior Civil Clerk's Office**
**Suffolk Superior Court**
**John W McCormack Post Office & Courthouse**
**90 Devonshire Street, Room 810**
**Boston, MA 02109**

By the Court (White, Justice)

Dated: 09/02/2004

BY: _____
                    Assistant Clerk

NOTICE SENT:    09/02/2004    (ah)
M.W. -(Pro Se)

, **HEREBY ATTEST AND CERTIFY ON**

NOV. 5, 2004    , **THAT THE**

**FOREGOING DOCUMENT IS A FULL,**
**TRUE AND CORRECT COPY OF THE**
**ORIGINAL ON FILE IN MY OFFICE,**
**AND IN MY LEGAL CUSTODY.**

    **MICHAEL JOSEPH DONOVAN**
    **CLERK / MAGISTRATE**
    **SUFFOLK SUPERIOR CIVIL COURT**
    **DEPARTMENT OF THE TRIAL COURT**

BY _____

ASSISTANT CLERK.

## Commonwealth of Massachusetts
### County of Suffolk
### The Superior Court

RE: SUCV2004-03534 Marlow Willams, Sr., #000303857


The undersigned prisoner/plaintiff authorizes the Commission of Correction or the County Sheriff and the Superintendent of the facility where he or she is incarcerated to withdraw the payment(s) as ordered above and send it to the court. If installment payments are ordered, this authorization remains in effect for each monthly payment unless the undersigned revokes authorization in writing. This authorization is valid in any state or county correctional facility to which the prisoner may be transferred.


_____
Prisoner/Plaintiff

Dated:_____

31-AUG-2004 10:33

Transaction Detail for
83155 WILLIAMS, MARLOW

#04-3534

| Date | Transaction | | Amount |
|------|-------------|---|--------|
| 09/22/2003 | INTER TRF | 83155 N-H | 2.68 |
| 10/03/2003 | VISIT | ROLAND | 30.00 |
| 10/05/2003 | VISIT | MAIL | 20.00 |
| 10/10/2003 | VISIT | GEORGE | 20.00 |
| 10/13/2003 | MEDICAL | med.10/3/03 | -5.00 |
| 11/17/2003 | VISIT | ROLAND | 30.00 |
| 11/18/2003 | MEDICAL | 10/6/03 | -5.00 |
| 11/25/2003 | MAIL | POSTAL 308384 | 5.00 |
| 11/28/2003 | VISIT | ON THE RUN 79103739341 | 10.00 |
| 12/09/2003 | MAIL | POSTAL 06529410437 | 10.00 |
| 02/11/2004 | MAIL | US POSTAL 7877 | 20.00 |
| 02/16/2004 | VISIT | HERB | 5.00 |
| 04/25/2004 | VISIT | LOBBY 026439924 | 37.00 |
| 05/04/2004 | VISIT | TRAVELERS 44694247026 | 50.00 |
| 06/08/2004 | MEDICAL | MED COPAY 3/9/04 | -8.00 |
| 07/08/2004 | VISIT | TRAVELERS 44973736632 | 30.00 |
| | PURCHASE | Commissary and vending purchases | -251.49 |
| | | Total: | 0.19 |

_____
(Offender)

_____
(Officer)



**RECEIVED**

SEP 02 2004

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

**Balance of $ .19 _____ has been certified by:**

8/31/2004

**Daniel F. Martini, Director of Budget & Inmate Finance**
**Suffolk County Sheriff's Department - SCHOC**
**20 Bradston St, Boston, MA 02118 - (617) 635-1000 ext. 6531**