UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARLOW WILLIAMS,  )<br>    Plaintiff  )<br>        v.  )<br>GRANT CALLENDAR,  )<br>OTIS HAREWOOD,  )<br>GREG LONG,  )<br>BRIAN ALBERT,  )<br>EDWARD MEADE,  )<br>JOHN CONROY,  )<br>and THE CITY OF BOSTON,  )<br>    Defendants  ) | C.A. No. 04-12346-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                     September 30, 2005

    Pro se Plaintiff Marlow Williams is suing the Boston Police Department and six individual police officers for injuries he sustained when the officers allegedly beat him. He alleges that the officers are liable for assault and battery, for civil rights violations under M.G.L. c. 12 § 11I, and for violations of his constitutional rights for which 42 U.S.C. § 1983 provides a remedy. He also asserts negligence claims against the City of Boston. The defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Because the plaintiff has stated a claim for which relief can be granted, the defendants' motion is being denied.

    Williams alleges that on February 4, 2003, officers beat him "in the course of using excessive force in [his] arrest." See,

1

e.g., Complaint Count I, ¶3. Allegedly, one officer struck Williams "in the face, head, and body area with a blunt object called a 'sap stick,' used to strike the plaintiff multiple times, who was unarmed and in close custody of multiple officers." Id. He makes similar allegations against the other officers. Williams also asserts that the City of Boston is liable for negligently training the officers and for the negligence of the individual defendants. Id. Count XIX, ¶¶1-8.

The defendants ask this court to dismiss Williams's complaint for failure to state a claim on which relief can be granted because, they argue, his allegations are inconsistent with his conviction for resisting arrest. The defendants first note that Williams was convicted in state court for resisting arrest by the defendants. Def. Memo. in Support of Motion to Dismiss at 4. Second, they state that if police officers use excessive force against a person they are attempting to arrest, the person has a right of self defense against the officers. A person who resists the excessive force of a police officer is not guilty of resisting arrest. Id. at 4-5 (citing M.G.L. ch. 268 § 32B(a)). Therefore, they argue, when the jury found Williams guilty of resisting arrest, it implicitly found that the officers had not used excessive force. Id. Before Williams can challenge this finding, the defendants argue, he must prove that his sentence has been overturned or that he otherwise received a "favorable termination."

Id. at 5 (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994)).

For similar reasons, the defendants also argue that Williams is barred by the doctrines of res judicata and collateral estoppel from maintaining this lawsuit, which they say seeks a finding inconsistent with his conviction for resisting arrest. Id. at 7-10. Finally, they claim that since all of his claims against the individual police officers fail, his negligence claims against the City of Boston must also fail. Id. at 10.

To prevail on a Rule 12(b)(6) motion, the defendants must show that "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Miranda v. Ponce Fed'l Bank, 948 F.2d 41, 44 (1st Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). For purposes of this motion, the court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." Day v. Fallon Cmty. Health Plan, Inc., 917 F. Supp. 72, 75 (D. Mass 1996); see also Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Moreover, because the plaintiff is suing pro se, the court must "liberally construe" his allegations, Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), and hold his complaint to "less stringent standards" than a pleading drafted by an attorney, Haines v. Kerner, 404 U.S. 519, 520 (1972).

On a motion to dismiss for failure to state a claim on which

relief may be granted, a court ordinarily may consider only facts alleged in the complaint or contained in attached documents. Watterson v. Page, 987 F.2d at 4. However, here, the court may consider the plaintiff's prior state court conviction because "a court may look to matters of public record in deciding a Rule 12(b)(6) motion," and "prior state court adjudications" are public records. Boateng v. Interamerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000); accord. Watterson, 987 F.2d at 4; Banco Santander de Puerto Rico v. Lopez-Stubbe (In re Colonial Mortgage Bankers Corp.), 324 F.3d 12, 15-16 (1st Cir. 2003).

The defendants' motion to dismiss is, nevertheless, not meritorious. The defendants assume Williams is alleging only that they used excessive force while attempting to arrest and subdue him. However, Williams alleges that he was "in close custody of multiple police officers" when he was beaten. See Complaint Count I, ¶3. Liberally construed, Williams is alleging that officers beat him after he had resisted arrest and they had subdued him. Any such beating would violate Williams's constitutional rights. See Jeanty v. County. of Orange, 379 F. Supp. 2d 533, 543-44 (S.D.N.Y. 2005) (defendant who was convicted of assaulting police officer could still pursue claim against officers for beating him after he had been subdued). Accordingly, it has not been shown beyond doubt that Williams has alleged no facts that would entitle him to relief. See Miranda, 948 F.2d at 44.

In view of the foregoing, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss (Docket No. 6) is DENIED.

2. The parties shall comply with the attached Scheduling Order.

```
                                   /s/ MARK L. WOLF
                                  UNITED STATES DISTRICT JUDGE
```