UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12346 MLW

MARLOW WILLIAMS, SR.,
    Plaintiff.

v.

GRANT CALLENDAR, OTIS HAREWOOD, GREG LONG, BRIAN ALBERT, EDWARD MEADE, JOHN CONROY, AND THE CITY OF BOSTON,
    Defendants.

**DEFENDANTS GRANT CALLENDAR, OTIS HAREWOOD, GREG LONG, BRIAN ALBERT, EDWARD MEADE, JOHN CONROY, AND THE CITY OF BOSTON'S REPORT REGARDING THE PARTIES' PROSPECTS OF SETTLEMENT, THE DEFENDANTS' BASES FOR FILING MOTIONS FOR SUMMARY JUDGMENT, AND CASE STATUS**

Pursuant to this Court's Scheduling Order, dated September 30, 2005, the Defendants, Boston Police Officers Grant Callender, Otis Harewood, Greg Long, Brian Albert, Edward Meade, John Conroy, and the City of Boston ("the defendants") hereby respectfully submit this report regarding the prospects for settlement, their proper bases for summary judgment and the current status of the case, plaintiff's current incarceration.

**I.**    **Prospects for Settlement**

The Defendants have received Plaintiffs' multi-million dollar settlement demand and have rejected this demand.

1

Furthermore, the Defendants will not entertain any settlement discussions of any kind.

## II. Defendants' Prospects for Summary Judgment

Plaintiff's lawsuit alleges that the Defendant police officers "used more force that [sic] was reasonably necessary to arrest plaintiff on February 4, 2003." See Complaint, Counts 1-18. The plaintiff alleges counts of assault and battery, violation of M.G.L. c. 12 sec. 11I (the Massachusetts Civil Rights Act or "MCRA"), and excessive force under 42 U.S.C.§ 1983, against each officer and a negligence count against the City. See Complaint, Counts 1-18. The Defendants assert that summary judgment is warranted on each of these claims for the following reasons:

1. The plaintiff has no reasonable expectation of proving assault and battery, violation of M.G.L. c. 12 sec. 11I (the Massachusetts Civil Rights Act or "MCRA"), and excessive force under 42 U.S.C. § 1983, because there is an absence of sufficient evidence for Plaintiff to sustain these claims and pass summary judgment muster under Fed. R. Civ. 56. Additionally, the plaintiff has failed to conduct discovery and adduce any such evidence to support these claims.

2. The plaintiff's claims under the MCRA and 42 U.S.C. § 1983 are also barred under the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 487 (1994). On September 19, 2003, the plaintiff was convicted of resisting arrest for his actions during his arrest. Furthermore, the plaintiff does not allege nor has he adduced any evidence establishing that his conviction for resisting arrest was overturned or that he received a "favorable termination" of the conviction. Under Heck v. Humphrey, 512 U.S. 477, 487 (1994), a plaintiff's claims are barred because they necessarily imply the invalidity of his state conviction

      for resisting arrest and because the plaintiff has not received a "favorable termination" from his conviction of resisting arrest.

3. The plaintiff's claims of assault and battery against the officers fail for the same reasons his federal and state civil rights claims fail. As alleged, the plaintiff's assault and battery claims against the officers necessarily relate to the facts supporting his criminal conviction of resisting arrest. It is not dispositive that these claims do not fall under Section 1983 as this Court has previously held the Heck principles are applicable to intentional tort claims. See Chilingirian v. United States, 2004 U.S. Dist. LEXIS 792 at *5 (D. Mass. 2004).

4. Summary judgment of the plaintiff's claims of assault and battery is mandated also because the doctrines of collateral estoppel and res judicata preclude the plaintiff from collaterally attacking his criminal conviction through a civil suit. The plaintiff's allegations in these claims, based on the plaintiff's arrest, necessarily implicate issues determined in the plaintiff's criminal trial and conviction for resisting arrest. He cannot now collaterally attack those criminal proceedings and conviction through his civil claims.

5. Additionally, the plaintiff has no reasonable expectation of proving that the Defendant, City of Boston, was negligent by failing to train and supervise the Defendant police officers because there is an absence of sufficient evidence for the plaintiff to sustain this claim. Plaintiff has also failed to conduct discovery and adduce any such evidence to support this claim.

6. Additionally, summary judgment on the plaintiff's negligence claim against the City is also warranted because by convicting the plaintiff of resisting arrest, the criminal jury found that the officers did not use excessive force. Therefore, the City cannot be held liable for negligent training resulting in excessive force. Cf. Sholley, supra at *21-22, citing Hayden v. Grayson, 134 F.3d 449, 456 (1st Cir. 1998); Holland v. City of Portland, 102 F.3d 6, 11-12 (1st Cir. 1996); Burns v. Loranger, 907 F.2d 233, 239 (1st Cir. 1990).

### III. UPDATED CASE STATUS

The Defendants also request permission to file a motion to dismiss for failure to prosecute as Plaintiff has failed to conduct discovery and prosecute his case accordingly. Plaintiff is also currently incarcerated in Memphis, TN, and it is unknown to the Defendants when he will be released. The Defendants do not anticipate that Plaintiff will be released prior to the October 30, 2006 trial date in this matter.

                                            Respectfully submitted,
DEFENDANTS, GRANT CALLENDAR, OTIS HAREWOOD, GREG LONG, BRIAN ALBERT, EDWARD MEADE, JOHN CONROY, AND CITY OF BOSTON
William F. Sinnott
Corporation Counsel
By their attorneys:

/s/ Helen G. Litsas
Helen G. Litsas, BBO #644848
Thomas R. Donohue BBO #643483
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4023 – Litsas
(617) 635-4039 – Donohue

4

**CERTIFICATE OF SERVICE**

I, Helen G. Litsas, hereby certify that on this date I served a copy of the foregoing documents upon: the pro se plaintiff, Marlow Williams, Sr., Marlow Williams, Sr., #249470, Shelby County Corrections Division, 1045 Mullins Station Road, Memphis, Tennessee 38134, by postage prepaid, first class, U.S. Mail.

<u>09/29/06</u>         <u>/s/ Helen G. Litsas</u>
Date              Helen G. Litsas