UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12346 MLW

| |
|---|
| MARLOW WILLIAMS, SR., <u>Plaintiff</u>. <br><br> v. <br><br> GRANT CALLENDAR, OTIS HAREWOOD, GREG LONG, BRIAN ALBERT, EDWARD MEADE, JOHN CONROY, AND THE CITY OF BOSTON, <u>Defendants</u>. |

**<u>DEFENDANTS GRANT CALLENDAR, OTIS HAREWOOD, GREG LONG, BRIAN ALBERT, EDWARD MEADE, JOHN CONROY, AND THE CITY OF BOSTON'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO PROSECUTE PURSUANT TO FED.R.CIV.P. 41(B).</u>**

The Defendants, Boston Police Officers Grant Callendar, Otis Harewood, Greg Long, Brian Albert, Edward Meade, John Conroy, and the City of Boston ("Defendants"), hereby move pursuant to Fed.R.Civ.P. 41(b) for dismissal of the Plaintiff's Complaint for failure to prosecute. The Plaintiff has been dilatory in his prosecution of this case and has not pursued his case in an active and responsible manner. The Plaintiff, Marlow Williams ("Plaintiff"), currently incarcerated out-of-state for an extended duration through 2014, has failed to conduct any discovery, has failed to respond to Defendants' interrogatories and document requests, and has failed to make himself available for trial on October 30, 2006. Accordingly, Plaintiff's lack of prosecution warrants dismissal of this case.

1

## I. DISMISSAL OF PLAINTIFF'S CASE IS WARRANTED FOR HIS LACK OF PROSECUTION.

Rule 41(b) of the Federal Rules of Civil Procedure provides that if a plaintiff fails to "prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed.R.Civ.P. 41(b). A court has "the authority to dismiss a case with prejudice for want of prosecution [because] this power is necessary to prevent undue delays in the disposition of pending cases, docket congestions, and the possibility of harassment of a defendant." Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 712 (1st Cir.1977); see also Link v. Wabash R. Co., 370 U.S. 626 (1962). Pursuant to Fed.R.Civ.P. 41(b), a district court may dismiss an action with prejudice for "failure of the plaintiff to prosecute or to comply with…any order of the court..." Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990). This power is necessary "to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant." Santiago v. Rivera, 553 F.2d 710, 712 (1st Cir. 1977). In addition, it is not necessary for the defendant to make this motion because the court has an "inherent power" to dismiss sua sponte for lack of prosecution. Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962).

While Plaintiff has been incarcerated during the pendency of this litigation, he has failed to make an effort to actively prosecute this case. On September 30, 2005, this Court issued a Scheduling Order requiring all parties to complete discovery by September 15, 2006. Plaintiff not only failed to conduct any discovery by this deadline, but Plaintiff also failed to respond to Defendants' discovery requests. The Plaintiff was provided with Defendants' interrogatory requests on July 25, 2006, over four months ago. The Plaintiff did not respond to these requests. Additionally, Plaintiff has also failed to respond to Defendants' document requests on July 31, 2006. Not only has Plaintiff failed to respond to Defendants' discovery requests, but Plaintiff

2

has also failed to conduct any discovery upon the Defendants or in any manner participate in any aspect of discovery.  Over the course of this litigation, the Defendants have actively engaged in discovery and conducted numerous depositions.   Plaintiff has failed to attend or participate in any of these depositions.

In addition to his failure to respond to Defendant's discovery requests, Plaintiff has also sought to delay resolution of this matter.  On January 10, 2006, the Plaintiff filed a Motion to Continue this case's October 30, 2006 trial date. Citing the Defendants' bases for their opposition, this Court denied the Plaintiff's motion.  Plaintiff failed to establish any reliable basis for such a continuance.  Additionally, this Court's September 30, 2006 Scheduling Order required the Plaintiff to confer with the Defendants by September 29, 2006  and "file a report as to the prospects for settlement and whether either party feels there is a proper basis for filing a motion for summary judgment."   The Plaintiff, however, failed to file any such report with this Court.  Defendants, however, filed such a report on September 30, 2006.  Moreover, Plaintiff provided no indication that he had any plans on returning for trial on October 30, 2006. Accordingly, this Court cancelled the October 30, 2006 trial date.   In fact, it appears that he will be incarcerated through 2014 in Memphis, TN and has no plans on returning to this state for resolution of this matter until after that date.

Given's Plaintiff's dilatory action and his failure to abide by this Court's Orders, dismissal is warranted.  The Plaintiff's status as an incarcerated individual does not provide any justification for his failure to actively prosecute this litigation.  See Cooley v. Cornell Corrections, 220 F.R.D. 171 (D.R.I. 2004) (Plaintiff prisoner's civil rights case dismissed for failure to show good cause).  Moreover, dismissal is warranted because there exists no other reasonable alternatives.  See Hernandez v. Whiting, 881 F.2d 768, 771 n.2 (9th Cir. 1989)

3

(discussing reasonable alternatives to dismissal of prisoner's case). The possibility of conducting any type of bench trial is not practical but improper because Plaintiff presently is incarcerated out of this Court's jurisdiction in Memphis, TN.  Moreover, a bench trial would not suffice because a jury is necessary and will not be waived in this case.  Additionally, a trial by depositions would also not suffice because the credibility of witnesses lies at the heart of this case as Plaintiff alleges the Defendant police officers utilized excessive force during his arrest. A postponement of trial until Plaintiff's release is also not a reasonable alternative to dismissal because Plaintiff is not scheduled to be released from incarceration until 2014.  Furthermore, the Plaintiff has made allegations that the Defendant police officers committed misconduct and any further delay to resolving these baseless allegations would constitute an undue harassment of the defendants.   See Santiago v. Rivera, 553 F.2d 710, 712 (1st Cir. 1977).  Dismissal is the only appropriate action given Plaintiff's failure to prosecute.

## II.   CONCLUSION

For the foregoing reasons, this Honorable Court should grant the Defendants' Motion to Dismiss.

Respectfully submitted,
DEFENDANTS, GRANT CALLENDAR,
OTIS HAREWOOD, GREG LONG, BRIAN
ALBERT, EDWARD MEADE, JOHN
CONROY, AND CITY OF BOSTON
William F. Sinnott
Corporation Counsel
By their attorneys:


/s/ Helen G. Litsas
Helen G. Litsas, BBO #644848
Thomas R. Donohue BBO #643483
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4023 – Litsas
(617) 635-4039 – Donohue


**CERTIFICATE OF SERVICE**

I, Helen G. Litsas, hereby certify that on this date I served a copy of the foregoing documents upon: the pro se plaintiff, Marlow Williams, Sr., Prisoner # 249470, 1045 Mullins Station Rd., Memphis, TN 38134, by postage prepaid, first class, U.S. Mail.

| 11/06/06 | /s/ Helen G. Litsas |
| Date | Helen G. Litsas |

5